PIVOZ v. GRANT.

Specific Performance—Vendor and Purchaser—Abandonment of Contract.

Where agreement in writing between plaintiff and defendant providing that latter would pay up land contract, procure deed from vendor, and then convey title to plaintiff for certain consideration, was abandoned by plaintiff either with or without consent of defendant, and plaintiff secured title from vendor, thus putting it beyond power of defendant to perform, plaintiff's suit for specific performance was properly dismissed; his remedy, if any, being action at law.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted January 10, 1930. (Docket No. 82, Calendar No. 34,766.) Decided March 7, 1930.

Bill for specific performance of a land contract by Morris Pivoz against James A. Grant and another. From decree dismissing bill, plaintiff appeals. Affirmed.

*Shapero & Shapero* and *Nelson S. Shapero*, for plaintiff.

*James M. Gregory* and *Ira J. Pettiford*, for defendants.

Wiest, C. J. The bill herein was filed to obtain specific performance of an agreement by defendant James A. Grant, vendee under a land contract, to convey the premises to plaintiff upon payment of $1,300. We speak of Mr. Grant as defendant. The agreement contemplated that defendant would pay

up the land contract, procure a deed from the vendor, and then convey the title to plaintiff. The agreement was in writing, dated July 25, 1928; $100 was then paid by plaintiff, and $1,200 was to be paid in ten days. Plaintiff claimed that he was ready to pay the $1,200, and defendant refused to perform, but consented that plaintiff obtain a deed from the fee owner. Defendant denied this. August 15, 1928, plaintiff purchased the title from the fee owner and took a deed in the name of Albert Goldberg. The deed recited that it was given in pursuance of the land contract. At once Goldberg deeded to plaintiff, but the deed was not recorded. August 28, 1928, a summary proceeding, before a circuit court commissioner, was brought in the name of Goldberg against defendant to obtain possession of the premises and terminate defendant's rights under the land contract, but the record does not disclose the result of that proceeding. August 23, 1928, five days before commencement of the summary proceeding, plaintiff filed the bill herein and recorded a *lis pendens.* The circuit judge dismissed the bill, and plaintiff appealed.

Plaintiff made no case. By his own acts plaintiff abandoned the agreement and acquired title contrary to the terms thereof. Defendant tendered plaintiff the $100, paid under the agreement, and it was refused. Plaintiff now, as owner of the fee, has assumed the relation of defendant's vendor under the land contract. If, as plaintiff claimed, defendant consented to his obtaining the deed from the owner of the fee, then the agreement that plaintiff should pay defendant $1,300 and defendant should obtain the deed and convey to plaintiff was abandoned by mutual consent. If no such consent was given, then plaintiff, by his own departure from the agreement,

cannot have specific performance thereof. Plaintiff did not perform the agreement, but sought and acquired the fee title contrary to the terms thereof, and now wants the agreement adjusted to his acts. Manifestly plaintiff merely wants to get rid of the land contract. Plaintiff paid the owner of the fee $852.54 for the deed, and later paid accrued taxes and wants credit for such amounts upon the agreement to pay $1,300 to defendant. Such relief, if granted, would not be in accordance with the agreement. Plaintiff's remedy against defendant upon the land contract is at law. When the bill was filed plaintiff owned the fee, subject to the land contract rights of defendant, and knew, or should have known, that he did not then want and could not obtain specific performance of the agreement.

The appeal herein is without excuse. The decree dismissing the bill is affirmed, with costs against plaintiff, inclusive of $100 for vexatious appeal.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.